Entered: January 17th, 2020
Signed: January 17th, 2020

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KIMYA D. CRAWFORD, | ) | Case No. 19-24551-MMH |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| RENEE PETERSON, | ) | Case No. 19-24045-DER |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |

**ORDER DIRECTING UPSOLVE TO SHOW CAUSE AND VERIFY
THAT THE ASSISTANCE IT PROVIDES TO DEBTORS
IN THIS DISTRICT COMPLIES WITH APPLICABLE LAW**

The matters before the Court are two Declarations of Pro Se Assistance signed and filed by the above-captioned debtors in their respective cases (collectively, the "Declarations"). By the Declarations, the debtors indicate that they received "free legal assistance" in the preparation of their bankruptcy documents from Upsolve, which the Declarations state is a "national legal aid nonprofit." The debtors further state, among other things, that Upsolve provided its services pro bono and it is "not a petition preparer" under 11 U.S.C. § 110.

The Declarations are in substance identical, and they each contain contact information for Tina Tran, who is identified as the "managing attorney" of Upsolve. The Declarations are very similar in content to letters submitted by Upsolve with petitions filed by pro se debtors earlier in 2019, which letters were signed by Tina Tran as the "executive director" of Upsolve.[1] It thus appears likely that Upsolve not only drafted the Declarations for the debtors, but also instructed the debtors to sign and file them with their respective bankruptcy petitions. The debtors did not file, and apparently Upsolve did not sign and provide, the Disclosure of Compensation of Attorney for Debtor (Procedural Form 2030) that is typically filed in this District in accordance with 11 U.S.C. §329(a) and Bankruptcy Rule 2016(b) by attorneys who provide pro bono legal services.

Based upon the Court's review of the record in these cases, it appears that the debtors are neither lawyers nor lay persons experienced in interpretation of the Bankruptcy Code (Title 11 of the United States Code), the Federal Rules of Bankruptcy Procedure, or the Local Bankruptcy Rules of this Court. Apart from stating that they are filing their cases without a lawyer, it is not clear how the debtors would have an independent basis for making any of the statements made in the Declarations about Upsolve or the requirements of 11 U.S.C. § 110 and a Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).

From the Court's perspective, it seems clear that what most unrepresented Chapter 7 debtors need is not mere bankruptcy petition preparation services, but practical legal advice and services rendered by an attorney. The Court encourages attorneys to perform pro bono work and appreciates the efforts of legal aid organizations.[2] The Court further notes that the rules of

---

[1] See, e.g., *In re Shutta*, Case No. 19-21007-DER [Docket No. 1-1, Page 1 of 2]. In the *Shutta* case, the debtor also filed what appears to be an Upsolve document titled "How to Complete the Pro Se Filing Questionnaire" intended to assist the debtor in answering questions by the Chapter 7 trustee or the United States trustee with respect to the assistance received by the debtor from Upsolve [Docket No. 1-1, Page 2 of 2].

[2] In the District of Maryland, many debtors who file bankruptcy petitions are not represented by an attorney. According to data compiled by the Administrative Office of the United States Courts for the year ending June 30, 2019 (the most recent report available), debtors were unrepresented in 20.9% of the cases filed in this District—far

professional conduct for attorneys integrate pro bono work as a necessary and desired part of each attorney's service obligations. See, e.g., MD. R. ATTORNEYS, Rule 19-306.1. That said, particularly in a bankruptcy case in which an individual may be experiencing extreme distress, the Court believes that full disclosure to debtors and to the Court is necessary to protect debtors' interests.[3]

The Declarations are neither affidavits nor unsworn declarations under the penalty of perjury in accordance with 11 U.S.C. § 1746. Thus, the Court has before it no statements under oath by either the debtors or Upsolve as to (i) the extent and nature of the services provided to the debtors by Upsolve, (ii) the identity of any attorney admitted to practice law in Maryland who may have provided assistance or advice to the debtors,[4] or (iii) how Upsolve is actually directly or indirectly funded or compensated for the pro bono services provided to the debtors, including the extent to which debtors have been or will in the future be encouraged or solicited to make donations to support Upsolve's operations.

As this Court has previously held, a bankruptcy petition preparer is a "mere scrivener." *In re Frazier*, 2013 W.L. 654399, at *4 (Bankr. D. Md., Feb. 21, 2013). A cursory review of Upsolve's website suggests that Upsolve does far more than what would be permitted for a

---

exceeding the national average of 8.2% for the same period. During that time 17,364 cases were filed in the District of Maryland; meaning unrepresented debtors filed over 3,500 cases in that one year period.

[3] Local legal aid organizations such as the Maryland Legal Aid Bureau file the appropriate Form 2030 in cases in this District where they represent debtors on a *pro bono* basis. See Case No. 19-25014 [Docket No. 4] and Case No. 19-23533 [Docket No. 4] Disclosures of Compensation of Attorney for Debtor. While Upsolve is not purporting to represent any Maryland debtors in their actual bankruptcy cases, it appears to this court that Bankruptcy Rule 2016 ("Every attorney for a debtor, whether or not the attorney applies for compensation, shall file…the statement required by § 329 of the code") and 11 U.S.C. § 329 ("Any attorney representing a debtor in a case under this title, **or in connection with such a case**, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid…for services rendered or to be rendered in contemplation of or in connection with the case…") (emphasis added) make clear that any attorney assisting the debtor in contemplation of the filing of the bankruptcy must disclose their agreement with the debtor to the court.

[4] According to the records of the United States District Court for the District of Maryland, Tina Tran is not an attorney admitted to practice in this District. The Maryland Attorney Listing maintained the by Maryland courts at www.mdcourts.gov/lawyers/attylist does not list Tina Tran as an attorney admitted to practice before the Court of Appeals of Maryland.

bankruptcy petition preparer under 11 U.S.C. § 110.[5] Indeed, the website indicates that debtors using Upsolve can, "Generate your bankruptcy forms and get them reviewed by a lawyer for <u>free</u>."

The Declarations thus raise several issues concerning the advice being provided by Upsolve to debtors in this District and the circumstances surrounding the debtors' execution of the Declarations and other bankruptcy papers. These issues include whether attorneys working for Upsolve (directly, indirectly, or on a referral basis) and providing advice to debtors in this District are licensed to practice law in Maryland and otherwise are complying with applicable bankruptcy rules and rules of professional conduct.[6]

ACCORDINGLY, it is, by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

ORDERED, that Upsolve, by an officer with personal knowledge of the work of Upsolve in this case, shall appear at a hearing to be held on **March 30, 2020**, **at 10:00 a.m. in Courtroom 9-D**, United States Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201, and show cause, if any there be, why the Court should find that (i) the statements in the Declarations are fully informed and appropriate under applicable law, and (ii) the assistance provided by Upsolve to debtors filing petitions in this district otherwise complies with applicable law, including applicable rules with respect to authorization to practice law in this district; and it is further,

ORDERED, that on or before **February 29, 2020**, Upsolve shall submit a memorandum of law together with affidavits and other supporting materials in response to this Order and the Court will determine after review thereof whether a hearing is necessary to address the concerns identified in this Order.

---

[5] Upsolve.org. See *In re Shutta*, Case No. 19-21007-DER [Docket No. 1-1, Page 2 of 2] (instructs the debtor to answer that he was helped by Upsolve and "[t]heir website is Upsolve.org").

[6] See, e.g., Fed. R. Bankr. P. 2016(b); Md. Code Ann., Bus. Occ. & Prof. § 10-101; MD. R. ATTORNEYS, Rules 19-305.5, 19-504.

cc:     Kimya D. Crawford
Morgan W. Fisher, Chapter 7 Trustee
Renee Peterson
Marc H. Baer, Chapter 7 Trustee
Gerard R. Vetter, Assistant United States Trustee

Upsolve
c/o Tina Tran, Managing Attorney
tina@upsolve.org

Upsolve, Inc.
c/o Rohan Pavuluri, Chief Executive Officer
150 Court Street, Floor 2
Brooklyn, New York 11201

U.S. Trustee

**~ End of Order ~**